ED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

_____

No. 15-4223
(1:12-cr-00093-MR-DLH-l)
_____

UNITED STATES OF AMERICA,
    Plaintiff – Appellee

v.

LLOYD DODWELL,
    Defendant - Appellant

_____

**MOTION TO FILE A SEPARATE BRIEF DUE TO CONFLICT OF INTEREST WITH THE CO-DEFENDANT, DARREN HILL.**
_____

To: THE HONORABLE JUDGES OF THE UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT.

    NOW COMES Paul F. Herzog, attorney for Defendant-Appellant, and hereby moves this Court for an Order allowing Mr. Dodwell to file a separate brief due to a conflict of interest between Mr. Dodwell and Mr. Hill.

    In support of said motion, the undersigned counsel respectfully shows the following to this Court:

1. On May 2, 2012, Lloyd Dodwell was driving a Chevrolet Equinox on I-26 in Henderson County,

1

North Carolina. Darren Hill was a passenger in that Chevrolet Equinox.

2. On that same date, Det. David McMurray, Jr. of the Henderson County (NC) Sheriff's Office was working as part of a multi-county drug interdiction task force, located in western North Carolina.

3. On the evening of May 2, 2012, Det. McMurray was sitting on the median of I-26 observing traffic.

4. Det. McMurray observed a Chevrolet Equinox driven by Lloyd Dodwell driving within the speed limit, but (in Det. McMurray's opinion) the Chevrolet Equinox was following another vehicle too closely.

5. Det. McMurray activated his blue lights, and a video recording system activated automatically. The automatic video system in Det. McMurray's police vehicle showed what was going on inside the passenger compartment of his police vehicle. Another camera faced outwards from the windshield and recorded what was going on outside the front of Det. McMurray's police vehicle.

6. A microphone inside the vehicle recorded sounds from inside the police vehicle, and Det. McMurray wore a body microphone for recording sounds occurring outside the police vehicle.

7. Det. McMurray pulled over the Chevrolet being driven by Lloyd Dodwell. Det. McMurray saw a another person sitting in the passenger side of the front seat. This person was later identified as Daren Hill. Mr. Dodwell was patted down for weapons and contraband by the detective. No weapons or contraband were found.

8. Mr. Dodwell, at Det. McMurray's request, accompanied the detective to the detective's police vehicle.

9. Det. McMurray engaged Mr. Dodwell in conversation, and began to write him a warning ticket for the North Carolina traffic offense of "following too closely."

10. Mr. Dodwell did not resist Det. McMurray in any way, and answered the detective's questions.

11. Det. McMurray asked Mr. Dodwell questions about where he had been and what he and been doing over the last few days.

12. Det. McMurray went to the passenger side of the front seat of the vehicle operated by Mr. Dodwell. He engaged Darren Hill in conversation.

13. According to Det. McMurray, the stories of Mr. Hill and Mr. Dodwell did not "match" as to where they had been and what they had been doing over the last few days.

14. This perceived difference in stories caused Det. McMurray to become suspicious of Mr. Dodwell and Mr. Hill.

15. Det. McMurray thought Mr. Dodwell was nervous because he repeatedly touched his face. Mr. Dodwell, in response to questioning, denied that there were guns or drugs in the vehicle he was driving.

16. Det. McMurray asked Mr. Dodwell for permission to search the vehicle. Mr. Dodwell refused, stating that the car did not belong to him.

17. The Chevrolet Equinox being operated by Mr. Dodwell at the time he was pulled over for "following too close" belonged to Darren Hill's sister.

18. Mr. Hill was ordered out of the vehicle, and told to stand to the side. Eventually, one or more other officers arrived on the scene.

19. Det. McMurray, a trained dog handler, had his drug detection dog, Kira, with him. He walked Kira around the Chevrolet Equinox.

20. Det. McMurray thought that Kira alerted on the car, a search of the vehicle was done, and approximately $30,000.00 in United States currency was found in a black bag on the right front floorboard (front seat, passenger side) . This money was seized by officers. No controlled substances were founding the car.

21. Darren Hill stated the money found on the floorboard belonged to his sister. According to Mr. Hill, she was going to use it to buy another car.

22. At some point during this encounter, Det. McMurray did a pat down search of Darren Hill. Det. McMurray found no contraband or weapons during this pat down search.

23. After the money was found, both Dodwell and Hill were handcuffed, and placed in the police vehicle.

24. At some point, Det. McMurray put Darren Hill in the front seat of his police vehicle. Lloyd Dodwell was no longer in the vehicle at this point.

25. While Darren Hill was sitting in the front passenger side of the police vehicle, he is seen on police video moving around quite a bit. Kira, the drug detection

4

dog, was in her kennel in the back seat of Det. McMurray's police vehicle

26. Darren Hill is seen on the police video extracting a package from his pants. The video shows Mr. Hill placing this package under the front driver's side seat of Det. McMurray's police vehicle.

27. Kira, the drug section dog, does not appear to "alert" on this package.

28. Eventually, Det. McMurray allowed Mr. Dodwell and Mr. Hill to leave the scene. A warning ticket for "following too closely" in violation of North Carolina law was issued to Mr. Dodwell. The money seized during the search of the Chevrolet Equinox was retained by law enforcement officers.

29. On or about May 12, 2012, Det. McMurray reviewed the video taken during the May 2, 2012 traffic stop of Mr. Dodwell and Mr. Hill on I-26.

30. At that time, Det. McMurray saw that Darren Hill had extracted a package from his pants and placed it under the driver's side seat of his police vehicle.

31. Det. McMurray then went to his police vehicle and found a package of what he believed to be the controlled substance cocaine.

32. Subsequent drug testing showed that this package contained 991.8 grams of "Cocaine Hydrochloride."

33. Both Mr. Dodwell and Mr. Hill were indicted on October 2, 2102 for possession with intent to distribute at least 500 grams of cocaine in violation of 21 USC §841(a)(1).

34. Mr. Dodwell was arrested in Tennessee on or about November 20, 2012, and extradited back to the Western District of North Carolina.

35. Both defendants filed suppression motions with respect to the stop and search of the vehicle driven by Mr. Dodwell on May 2, 2012.

36. A suppression hearing was held before United States Magistrate Judge Dennis Howell on August 1 & 2, 2013 in Asheville, North Carolina.

37. Magistrate Judge Howell issued a Memorandum and Recommendation dated January 17, 2015. In that document Magistrate Judge Howell recommended that the District Court deny defendants' motions to suppress.

38. On April 21, 2014, the Hon. Martin Reidinger, District Court Judge issued an Order accepting Magistrate Judge Howell's Memorandum and Recommendation. Judge Reidinger denied defendants' motion to suppress. He filed a written Order to this effect.

39. A superseding indictment for possession with intent to distribute cocaine in violation of 21 USC §841(a)(1). was issued on August 5, 2014.

40. On August 15, 2014, Lloyd Dowell appeared before Magistrate Judge Dennis Howell at a Rule 11 hearing. At that hearing, Mr. Dodwell entered a conditional plea of guilty to one count of possession with intent to distribute cocaine in violation of 21 USC §841(a)(1).

41. In his plea agreement with the Government, Mr. Dodwell specifically retained his right to appeal from

the denial of his motion to suppress. This agreement was accepted by the court.

42. Mr. Dodwell appeared before District Court Judge Reidinger for sentencing on March 31, 2015 in Asheville, North Carolina.

43. Mr. Dodwell was sentenced to active imprisonment of 57 months, with three years of supervised release.

44. Formal judgment was entered on or about April 8, 2015.

45. Mr. Dowell gave notice of appeal to this Court on or about April 14, 2015.

46. Mr. Hill also entered a conditional plea of guilty, and was sentenced to an active term of imprisonment, from which he appealed to this Court.

47. This Court ordered Mr. Dodwell's and Mr. Hill's cases consolidated on or about April 15, 2015.

48. Mr. Dowell's case was assigned number 15-4223 by this Court. Mr. Hill's case was assigned number 15-4212.

49. Counsel was represented by Mr. Ron Justice of the Buncombe County, North Carolina bar in the trial court. Mr. Justice as appointed to represent Mr. Dodwell on appeal.

50. Mr. Justice moved to withdraw as counsel for Mr. Dodwell on or about July 9, 2015. In his motion, Mr. Justice anticipated that Mr. Dowell would assert ineffective assistance of counsel on appeal.

51. Mr. Justice's motion to withdraw was allowed, and the undersigned was appointed by this Court as appellate counsel for Mr. Dodwell.

52. Mr. David Belser of the Buncombe County, North Carolina bar represented Darren Hill in the trial court. Mr. Belser continues to represent Mr. Hill before this Court.

53. The briefing schedule was suspended on July 27, 2015.

54. A new briefing schedule was instituted, and the Defendant-Appellant's Opening Brief and Joint Appendix is now due on Monday, October 19, 2015.

55. 4th Cir. R. 28(d) provides that a motion to file a separate brief may be allowed by this Court in "cases in which the positions of the party are adverse."

56. The undersigned respectfully maintains that the interests of Lloyd Dodwell and Darren Hill are "adverse" with in the meaning of Rule 28(d) in that the undisputed evidence shows:

> (a) the vehicle being operated on May 2, 2012 by Mr. Dodwell belonged to Mr. Hill's sister;
>
> (b) Mr. Hill made oral statements to Det. McMurray about that vehicle, which could be characterized as incriminating;
>
> (c) no contraband nor weapons were found on Mr. Dodwell or among his possessions;
>
> (d) Mr. Dodwell made no incriminating statements;

(e) approximately $30,000.00 in United States currency was confiscated from a black bag found on the floorboard of the front passenger's seat. Mr. Hill was sitting in the front passenger's seat when the Chevrolet Equinox driven by Mr. Dodwell was pulled over by Det. McMurray on May 2, 2012, and;

(e) Mr. Hill was seen on a video taken inside Det. McMurray's police vehicle removing a bag from his pants and secreting it beneath the driver's side seat of Det. McMurray's police vehicle. This bag was later determined to contain 991.6 grams of cocaine hydrochloride.

NOW WHEREFORE Paul F. Herzog, attorney for Defendant-Appellant, for the good cause shown above, hereby moves this Court for an Order allowing him to file a separate brief from that his co-defendant, Darren Hill.

*Paul F. Herzog*

Paul F. Herzog
Attorney-at-Law
PO Box 9745
Fayetteville, NC 28311
NC State Bar No. 8315
910-483-9500 (phone)
877-323-9806 (fax)
paulfhherzog@hotmail.com

Certificate of Service

I, Paul F. Herzog, attorney for the Defendant-Appellant, do certify that on October 11, 2015 the foregoing document was served on all parties or their counsel through the CM/ECF system. The undersigned is not aware of any parties who are not registered CM/ECF system users.

This the 11th day Of October 2015.

*Paul F. Herzog*

Paul F. Herzog
Attorney-at-Law
PO Box 9745
Fayetteville, NC 28311
NC State Bar No. 8315
910-483-9500 (phone)
877-323-9806 (fax)
paulfhherzog@hotmail.com